UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN AREVALO LANUZA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 5:26-cv-02538 MRA (ADS)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; **ORDERING IMMEDIATE RELEASE FROM CUSTODY** (A# 240-764-325) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (Dkt. No. 1), Respondents' Return (Dkt. No. 10), Petitioner's Traverse (Dkt. No. 19), the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 21), and all the records and files herein. On June 19, 2026, Respondents filed an Objection to the Report and Recommendation (Dkt. No. 22). The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections were made. The Court overrules the objections and accepts the findings and recommendations of the Magistrate Judge.

Respondents have never disputed any of the facts or allegations in the Petition. While Respondents have consistently taken the position that the appropriate remedy is a bond hearing, not immediate release, Respondents brief these issues for the first time when objecting to the magistrate judge's report and recommendation.  That was too late. *See Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017) (finding arguments "too late" when raised for the first time on objection to report and recommendation); *see also Davis v. Ponce*, No. LACV1708351VBFJC, 2018 WL 2146390, *1 (C.D. Cal. May 8, 2018) (explaining that "this Court ordinarily refuses to exercise that discretion to consider claims raised for the first time in objections to an R&R").  In addition, this and many other courts have ordered immediate release under similar circumstances. *See, e.g., Otegen v. Semaia et al.,* 26-CV-1631-MRA (C.D. Cal. June 9, 2026); *Sonu v. Noem et al.*, 26-CV-589-MRA (C.D. Cal. May 15, 2026); *Liu v. Acting Warden Facility Administrator of the Adelanto Detention Facility et al.*, 26-CV-853-MRA (C.D. Cal. April 29, 2026).  The authorities cited by Respondents do not change the Court's analysis in those cases—the remedy in those cases, as here, is narrowly tailored to address the due process violation, which Respondents, again, do not contest in this case.

Accordingly, IT IS HEREBY ORDERED:

1.  The Report and Recommendation is accepted (Dkt. No. 21);

2.  The Petition is granted as to Ground Two and all other grounds are dismissed without prejudice;

3.  Respondents shall immediately release Petitioner Eden Arevalo Lanuza (A# 240-764-325);

4.  Respondents are enjoined from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation

notice describing the change in circumstances requiring his re-detention and a timely hearing; and

5. Judgment is to be entered accordingly.

DATED:  June 24, 2026

_____
THE HONORABLE MONICA RAMIREZ ALMADANI
United States District Judge